RECEIVED
IN LAKE CHARLES, LA

NOV 30 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOE ALLAN BOUNDS | : | DOCKET NO. 2:05 CV 0232 |
| VS. | : | JUDGE MINALDI |
| J.P.YOUNG, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court are the petitioner's Amended Motion for Reconsideration [doc.22] and Second Amended Motion for Reconsideration [doc. 24]. For the reasons stated herein, both of these motions are DENIED.

The key issue raised by the petitioner is the retroactivity of *United States v. Booker*, - U.S. -, 125 S.CT. 738, -L.Ed.2d - (Jan 12, 2005) to cases on collateral review. Bounds avers that *Booker* is actually an extension of the rule of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), a decision which the Supreme Court held to apply retroactively in *Ivan V. v. City of N.Y.*, 407 U.S. 203, 204, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972) (per curiam). Bounds argues that *Booker* is similarly retroactively applicable. This argument, however, is foreclosed by the Third Circuit's decision in *In re Turner*, in which the court rejected the argument that because *Apprendi* is arguably an extension of *In re Winship*, *Apprendi* similarly applies retroactively to cases on collateral review. *In re Turner*, 267 F.3d at 230-31. To paraphrase the court's conclusion in *In re Turner*, the most Bounds can claim with his *In re Winship* argument is that the Supreme Court *should* make *Booker* retroactive to cases on collateral review, not that existing precedents, such as *Ivan V.*, dictate that

result. *In re Turner*, 267 F.3d at 231; *In re Olopade*, 403 F.3d 159, 163 (C.A.3, 2005); *Lomax v. Daniels*, 2005 WL 1278934 (D.Or., May 25, 2005)(No. CV 04-16040MA); *U.S. v. Melton*, 2005 WL 1213666 (D.Alaska, May 19, 2005)(No. A02009CRJKS)

Lake Charles, Louisiana, this 30 day of November, 2005.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE